# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**RODNEY HENRY**                                                                                              **PLAINTIFF**

**v.**                               **No: 3:22-cv-00200-KGB-PSH**

**STEVE FRANKS,** *et al.*                                                                                **DEFENDANTS**

## ORDER

Plaintiff Rodney Henry, a pretrial detainee held at the Greene County Detention facility, initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 1, 2022 (Doc. No. 1). Henry's motion to proceed *in forma pauperis* has been granted (Doc. No. 4).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Henry alleges that he was denied due process regarding a disciplinary resulting in his placement in punitive segregation for three days in July 2022. Doc. No. 1 at 3.

The Court directs Henry to file an amended complaint to clarify his claims. Henry must clearly describe each named defendant's involvement in the violation of

his rights. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

The Clerk of Court is directed to send a blank § 1983 complaint form to Henry. Henry is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may dismiss this case.

Henry's "Motion to Seek Help" (Doc. No. 5) is denied. It is not clear how the allegations Henry makes in this motion are related to his claims in this case; they appear to be based on more recent events. To bring claims based on more recent events, Henry must file a new lawsuit after exhausting his available administrative remedies. Additionally, the only relief he seeks is transfer to another jail. The Court does not interject itself into prison administration and cannot award injunctive relief without a proper motion.[1]

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability

IT IS SO ORDERED this 28th day of September, 2022.

                                                          UNITED STATES MAGISTRATE JUDGE

---

that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).